Opinion of the court delivered by
Judge Catron.
In 1810, there was filed in the supreme court at Rogersville, a bill by Wray against Peter Turney’s heirs, for five hundred acres of land situated in Grainger county, alleging that the warrant by virtue of which the land had been entered in John Armstrong’s office, was the property of Wray; that it got into the hands of Turney, who forged an assignment upon it, or that some other person had done so; that Turney entered the land and obtained a grant, and prays the title may be divested out of Tur-ney’s heirs. The heirs answered the bill, denying the allegations. Afterwards, the name of Sampson Williams, who was alleged to be the executor of Turney, was in. serted in the bill as defendant. He did not answer, and the bill was taken for confessed against him.
At the November term, 1822, of the chancery eourt at Rogersville, the cause was heard, and a specific decree for the land refused, but Wray was adjudged to be entitled to compensation for his land warrant of 500 acres, estimated in the account taken at $464; which sum was decreed to be paid by Sampson Williams as executor of Peter Turney, to be levied of the goods and chattels in his hands unadmiriisicred. A fi. fa. issued to Jackson county, and was returned by the sheriff “nothing found belonging to the estate of Peter Turney in the hands of Sampson Williams, executor of said estate.” Upon which return being filed, a sci.fa. issued against Williams as executor. He failed to plead at the return term, and a judgment by default was entered by the chancery court, *303 that the debt he levied of the proper goods, &c. of Williams. Within the year, Williams obtained a copy of the record, a supercedeas, and prosecutes his writ of error to this court, to reverse the judgment de bonis propriis.
The material question is, does the scire facias contain sufficient of substance upon its face to sustain the judgment by default? After reciting with accuracy the proceedings down to the return of the fieri facias, “nulla bono,” it then requires the said Williams to be warned to appear, to shew cause “why the said J. Wray ought not to have his judgment and execution against him the said Williams, for the aforesaid sum of $464, with $21 costs.”
This set. fa. upon the decree, is a proceeding in analogy to proceedings at law, grounded upon a record, and governed to some extent by the same rules. That it wants the substantial requisites testing it by these rules, the counsel for Wray do not deny. Of the recitals, Williams needed no notice; they were only necessary to show the cause of action, this being in form and effect a new suit grounded upon the former record; after these were set forth, it should have been alleged, that the executor had sold, converted to his own use, and wasted goods and chattels which were of said P. Turney at the time of his death, and which came to the hands of the said Sampson to be administered, to the value of said debt and costs, with the intent that the execution aforesaid should not be made. 2d. That said Williams should be notified to appear at the next term of the court, to show cause why the said J. Wray ought not to have execution against him of the debt, &c. to be levied of his own proper goods, chattels, lands and tenements. See. Merchant vs. Driver, (1 Saund. Rep. 303. In this set. fa. no devastavit is alleged, nor is the executor notified to appear and show cause why the money shall not be levied of his own proper goods.
It was impossible from the nature of the proceedings, for the executor to plead fully administered to the bill in chancery against him and Turney’s heirs; nothing was alleged to warrant such a defence; hence he had the right to *304 plead fully administered to the scire facias. The authorities, in cases of debt on judgments where the executor has been sued at law, had an opportunity to plead plene ad-ministravit, failed, and judgment was rendered, do not apply; there the executor is fixed with assets, (Wheatly vs. Lane, 1 Saund. 216, 219, Note 8; 2 Stark. Ev. 561,) and the return of the sheriff to the fierifacias,nulla bonof is a sufficient evidence of a devastavit, to authorize a recovery in an an action of debt upon the record against the executor, to be levied of his proper goods. Perhaps it may be true, that the allegations in the declaration in debt, need not be broader than the recited record proof, to sustain the action, although the forms are that & devas-tavit should be averred. (1 Johns. Ca. 276; 1 Saund. 216, 219, 304. But where the record furnishes no evidence of goods in the executor’s hands, or a devastavit, the very substance of the suit is to put in issue these facts, subject to be established or refuted by evidence extrinsic of the record upon which the proceedings are grounded; without the averment of the fact of waste, no issue can be formed to the country upon the scire facias; whereas in debt, the plea of nil debit will let in the evidence. (2 Raymd. 1502. 1 Saund. 219 c.
The substantial allegations to charge Williams de bonis propriis, not having been made, the writ of scire facias did not warrant the decree below, which must be reversed, and the cause remanded to the chancery court to be pro» ceeded in.
This writ of error being in the nature of an appeal in chancery, the costs are subject to be awarded at the discretion of the court. Williams, for his negligence, will pay them.
Decree reversed.